**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ENJOY LIFE NATURAL BRANDS, LLC** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **OLD LYME GOURMET CO., D/B/A** ) <br> **DEEP RIVER SNACKS CORP. and** ) <br> **JAMES E. GOLDBERG** ) <br> ) <br> **Defendants.** ) <br> ) | Case No. <br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Enjoy Life Natural Brands, LLC ("Enjoy Life"), for their Complaint against Defendants Old Lyme Gourmet Co., d/b/a/ Deep River Snack Corporation ("Deep River") and James E. Goldberg ("Goldberg")( collectively, "Defendants"), hereby alleges:

### NATURE OF THE ACTION

1. This is an action for: (1) Trademark Infringement under Section 32 of the Lanham Act, 15 U.S.C § 1114(1)(a); (2) Common Law Trademark Infringement; (3) False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (5) Common Law Unfair Competition; and (6) Violation of the Illinois Compiled Statutes, 765 ILCS 1036/65.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal trademark and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331, 1332 & 1338, and 15 U.S.C. § 1121.

3. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statute and the common law of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Defendants are subject to this Court's jurisdiction because under the Illinois Long Arm Statute, ILCS 735 5/2-209 *et seq.*, upon information and belief, each of them regularly conducts business in this State and District, have committed the acts complained of herein in this State and District, and have caused harm in this State and District. In addition, Defendants operate a website which is viewable by citizens of this State and District, and engage in social media marketing viewed by citizens of this State District.

5. Venue is proper under 28 U.S.C. § 1391(b), because upon information and belief, a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

6. Plaintiff Enjoy Life is a corporation organized and existing under the laws of Illinois, with its principal place of business at 3810 N. River Road, Schiller Park, IL 60176.

7. Defendant Deep River is, upon information and belief, a Connecticut corporation with its principal place of business at 4 Huntley Road, Suite 4, Old Lyme, CT 06371.

8. Defendant Goldberg is, upon information and belief, the President of Deep River, and resides 7 Lantern LA, Old Lyme, CT 06371.

**FACTUAL BACKGROUND**

**Defendants' Misappropriation of Plaintiff's Trademarks**

9. Plaintiff is a leading producer of allergy-friendly and gluten-free foods, with products sold throughout the world, including the United States, under the well-known ENJOY LIFE brand.

10. Plaintiff is the owner of U.S. Trademark Registration No. 3,254,058 for ENJOY LIFE EAT FREELY, which is registered in International Class 30 and used in connection with various food and snack-related products. The ENJOY LIFE EAT FREELY trademark was registered on June 19, 2007 and has become incontestable within the meaning of 15 U.S.C. § 1065. A copy of the registration for the ENJOY LIFE EAT FREELY trademark is attached hereto as Exhibit A and is incorporated herein by reference.

11. Plaintiff is the owner of U.S. Trademark Registration No. 4,297,968 for ENJOY LIFE which is registered in International Class 030 and used in connection with various food and snack related products. A copy of the registration for the ENJOY LIFE trademark is attached hereto as Exhibit B and is incorporated herein by reference.

12. Plaintiff owns common law rights in the ENJOY LIFE and ENJOY LIFE EAT FREELY related trademarks. For over a decade, Plaintiff has sold a variety of food and snack related products under the ENJOY LIFE EAT FREELY mark. Plaintiff's trademark rights in the ENJOY LIFE and ENJOY LIFE EAT FREELY trademarks are collectively referred to herein as the ENJOY LIFE trademark ("ENJOY LIFE").

13. Plaintiff has used and continues to use the ENJOY LIFE trademarks in interstate commerce since at least as early as April 1, 2005.

14. An estimated 1 in 133 Americans, or about 1% of the population, has celiac disease.

Plaintiff's mission is to provide those consumers with foods that are specially made to be gluten-free and free of the most common allergens such as wheat, dairy, peanuts, tree nuts, egg, soy, fish and shellfish.

15. Plaintiff has invested in a special facility so that people with food intolerances and celiac disease would know and are confident that all of its products were made in the safest environment possible. Plaintiff has spent substantial time, effort and sums of money advertising, promoting and otherwise cultivating goodwill in the ENJOY LIFE trademark, such that it has come to be associated with high quality goods and has attained secondary meaning in the minds of consumers as designating goods of particular origin, namely, with Plaintiff.

16. In January 2006, Plaintiff was the first company to receive independent gluten-free certification for all of its products from the Gluten Free Certification Organization (GFCO).

17. The high quality of the Plaintiff's goods is important to Plaintiff's customers because ENJOY LIFE products are purchased for their health benefits and allergy-friendly and gluten-free components.

18. As a result of the long and extensive use and advertisement of the ENJOY LIFE trademarks in connection with Plaintiff's goods, the ENJOY LIFE trademark has become closely associated with Plaintiff, has become exceedingly well-recognized and has acquired great value, and identifies Plaintiff and its goods exclusively.

19. Upon information and belief, Defendant Deep Rivers promotes and sells one or more food or snack-related products which compete with Plaintiff's products.

20. Defendant Deep Rivers promotes its food and snack-related products using the tag line "Enjoy Life Naturally ™" ("ENJOY LIFE NATURALLY").

21. Defendant Deep Rivers prominently displays on the packaging of its competing products, that its products are "Certified Gluten-Free," thereby capitalizing off of Plaintiff's market niche in serving celiac disease suffering consumers.

22. Defendant's products are similar, if not identical, to one or more of Plaintiff's products.

23. Plaintiff's use and registration of the ENJOY LIFE marks pre-date any rights Deep Rivers may have in the ENJOY LIFE NATURALLY mark.

24. Deep Rivers' use of the ENJOY LIFE marks and the ENJOY LIFE NATURALLY mark confuses consumers as to the source or sponsorship of its product.

25. Upon information and belief, Goldberg supervises, directs, actively participates in, knowingly caused, and has a financial interest in Deep Rivers' adoption and use of the infringing ENJOY LIFE, ENJOY LIFE FREELY and other ENJOY LIFE marks.

26. Upon information and belief, Goldberg is the President, Treasurer and Secretary of Deep Rivers, and has sole responsibility for the marketing, promotion and sale of Deep Rivers' products, and personally and directly benefits from the activities complained of herein.

27. Upon information and belief, Defendants have knowledge of prior use of the ENJOY LIFE trademark, as well as Plaintiff's various ENJOY LIFE-related marks, registrations and applications, and acted willfully and with intent to deceive consumers in their adoption and use of the ENJOY LIFE mark(s).

## COUNT I
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(a))

28. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 27 above.

29. Without Plaintiff's consent, Defendants are using the ENJOY LIFE marks in interstate commerce in connection with a product that is similar and/or identical to, and competes with one or more of Plaintiff's products.

30. Plaintiff has used the ENJOY LIFE marks in connection with food and snack-related products since long prior to Defendants first use of the ENJOY LIFE mark.

31. Defendants use of the ENJOY LIFE marks in connection with food and snack-related products is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, and suggest an affiliation or connection between Defendants' goods and Plaintiff's goods, in violation of 15 U.S.C. § 1114(a).

32. Upon information and belief, Goldberg supervises, directs, actively participates in, knowingly caused, and has a financial interest in Deep Rivers' adoption and use of the infringing ENJOY LIFE, ENJOY LIFE FREELY and other ENJOY LIFE marks.

33. Upon information and belief, Goldberg is the President, Treasurer and Secretary of Deep Rivers, and has sole responsibility for the marketing, promotion and sale of Deep Rivers' products, and personally and directly benefits from the activities complained of herein.

34. Upon information and belief, Defendants adopted and use the ENJOY LIFE marks in connection with their goods and commercial activities in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in the ENJOY LIFE trademarks, and to divert customers and revenue from Plaintiff.

35. The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as it is enjoined by this Court.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

36. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 35 above.

37. Defendant Deep Rivers has engaged and continues to engage in acts of trademark infringement in violation of the common law of the State of Illinois.

38. Plaintiff owns all rights, title and interest in and to the ENJOY LIFE and ENJOY LIFE EAT FREELY trademarks, including all common law rights in such marks.

39. Without Plaintiff's authorization, Defendant has used and continues to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the federally registered ENJOY LIFE trademarks.

40. Upon information and belief, Defendant's adoption and use of the ENJOY LIFE marks were in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiff has built up in the ENJOY LIFE trademarks, and to divert customers and revenues from Plaintiff.

41. Defendant's acts constitute trademark infringement in violation of the common law of the State of Illinois.

42. The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT III
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

43. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 42 above.

44. Without Plaintiff's consent, Defendants are using the ENJOY LIFE trademarks in commerce to promote food and snack-related products. Such use is likely to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association of Deep Rivers with Plaintiff, or as to the origin, sponsorship, or approval of Deep River's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

45. Without Plaintiff's consent, Defendants are using similar product packaging and promotional materials as Plaintiff to sell its products. Defendants use a "Certified Gluten-free" demarcation on its products, similar to that of Plaintiff. Defendants actions, taken together or in isolation, are likely to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

46. Upon information and belief, Goldberg supervises, directs, actively participates in, knowingly caused, and has a financial interest in Deep Rivers' adoption and use of the infringing ENJOY LIFE marks.

47. Upon information and belief, Goldberg is the President, Treasurer and Secretary of Deep Rivers, and has sole responsibility for the marketing, promotion and sale of Deep Rivers' products, and personally and directly benefits from the activities complained of herein.

48. Upon information and belief, Defendants adoption and use of the ENJOY LIFE marks, and use of similar packaging in connection with their goods, and other commercial activities, was in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and

appropriate the reputation and goodwill that Plaintiff has built up in the ENJOY LIFE trademarks, and to divert customers and revenue from Plaintiff.

49.  The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT IV
## UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

50.  Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 49 above.

51.  Without Plaintiff's consent, Defendant Deep Rivers is using the ENJOY LIFE marks in commerce in connection with food and snack-related products, which is likely to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association of Deep Rivers with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

52.  Without Plaintiff's consent, Defendant is using similar product packaging and promotional materials, which taken together are likely to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

53.  Upon information and belief, Defendant's adoption and use of the ENJOY LIFE marks, use of similar packaging and promotion materials in connection with its goods, and other commercial activities, was in bad faith and in willful disregard of Plaintiff's rights, with intent to

trade on and appropriate the reputation and goodwill that Plaintiff has built up in the ENJOY LIFE trademarks, and to divert customers and revenue from Plaintiff.

54. The aforementioned actions have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT V
## VIOLATION OF COMMON LAW UNFAIR COMPETITION

55. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 54 above.

56. Defendant Deep Rivers' activities have caused confusion with, or have been mistaken for, the Plaintiff's activities in the mind of the public, or are likely to cause such confusion or mistake.

57. The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT VI
## TRADEMARK REGISTRATION AND PROTECTION ACT
## (765 ILCS 1036/65)

58. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 57 above.

59. The ENJOY LIFE trademarks are distinctive and famous, having been used by Plaintiff in connection with the promotion and sale of its goods for over a decade.

60. The ENJOY LIFE trademarks are distinctive and famous, having been used by Plaintiff in connection with the promotion and sale of its goods for over a decade.

61. Defendant Deep Rivers began using the ENJOY LIFE marks after they became famous, and thereby caused, and is causing, the dilution of the distinctive quality of the ENJOY LIFE trademarks in violation of 765 ILCS 1036/65.

62. Upon information and belief, Defendant Deep Rivers' products are not subject to the same quality control measures as Plaintiff's products.

63. Upon information and belief, the adoption and use by Defendant of the ENJOY LIFE marks in connection with its goods and commercial activities was in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiff has built up in the ENJOY LIFE trademarks, and to divert customers and revenue from Plaintiff.

64. The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

WHEREFORE, Plaintiff prays for relief as follows:

a. That Defendants Deep Rivers, James E. Goldberg, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with it, or any of them, be preliminary and permanently enjoined from:

1. Infringing Plaintiff's ENJOY LIFE trademarks, including through use of the designation ENJOY LIFE or Enjoy Life Naturally, or any variation thereof which is confusingly similar to the Plaintiff's trademarks;

2. Making any statement or representation whatsoever with respect to the infringing goods at issue that either falsely designates Plaintiff as the origin of the goods or is otherwise false or misleading;

3. Otherwise making unauthorized use of or infringing upon the ENJOY LIFE trademarks or other trademarks of Plaintiff;

4. Any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or association of Deep Rivers or Deep Rivers' with Plaintiff or Plaintiff's goods;

5. Competing unfairly with Plaintiff in any manner; and

6. Engaging in any other activity, including the effectuation of assignments or transfers of their interests in counterfeits, simulations, reproductions, copies, or colorable imitations of the ENJOY LIFE trademarks, or any other intellectual property of Plaintiff, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth herein;

b. That Deep Rivers deliver up during the pendency of this action and for destruction upon entry of judgment any and all copies of materials used by Deep Rivers to advertise, promote, or solicit sales of its goods using the designation ENJOY LIFE, or ENJOY LIFE NATURALLY;

c. That the Court award to Plaintiff the damages caused to Plaintiff by Defendants' unlawful activities, including exemplary damages;

d. That the Court order Defendants to account for and pay over to Plaintiff all profits realized by Defendants in connection with its unlawful activities;

e. That Defendants be ordered to pay Plaintiff the costs of this action and reasonable attorney's fees and investigatory fees;

f. That Defendants be ordered to pay Plaintiff prejudgment interest; and

g. That the Court order such further and additional relief as it may deem just and proper.

/s/ Ryan M. Kaiser
Ryan M. Kaiser
Saira J. Alikhan
AMIN TALATI, LLC
55 W. Monroe St., Suite 3400
Chicago, Illinois 60603
Telephone: (312) 327-3328
Facsimile: (312) 784-1065
E-mail: ryan@amintalati.com
E-mail: saira@amintalati.com